## AS TO THE CHARACTER OF A RIGHT TO MAINTAIN A SEWER ACROSS PREMISES.

Circuit Court of Summit County.

THE PETERSON & WRIGHT COMPANY v. THE CITY OF AKRON.

Decided, April 20, 1912.

*License Distinguished from Easement—Public Sewer—Recitals in Other Instruments Not Conclusive.*

1. Whether the right to maintain a sewer across premises of another is a mere license or an easement is to be determined from a consideration of the terms of the instrument creating the right, even though the right is claimed by a municipal corporation and the sewer in question is a public sewer.

2. Reference to a contract granting a license to maintain a sewer across premises of another as a contract granting a "right-of-way for a sewer" when found in a conveyance from the owner of the premises to another than the licensee, is not conclusive as to the character of the right created by the contract.

*Boylan & Brouse,* for plaintiff in error.
*N. M. Greenberger* and *J. Taylor,* contra.

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

The prayer of the petition in this case is for rescission of a contract between the plaintiff's predecessor in title and the city of Akron, by the terms of which the city was granted the right to lay and maintain a sewer across property now owned by plaintiff; the petition also prays that plaintiff's title to said premises may be quieted as against any claims of the city under said contract.

There is no dispute as to the facts in this case.    The whole case turns upon the proper construction to be put upon said contract.    If under it the city obtained a mere license, plaintiff has a right to terminate said license, which it has attempted to do. If the city, by virtue of said contract and its acts thereunder in constructing said sewer, obtained an interest in the land of defendants, plaintiff can not terminate said interest without the city's consent.

The contract in question was executed in 1894, the Brewster Coal Company, plaintiff's predecessor in title, being the first party, and the city of Akron the second party.    It recites:

"That the party of the first part for and in consideration of the covenants and agreements of the party of the second part, hereafter mentioned, does hereby give to the party of the second part a *license and permission* to construct, maintain, operate and keep in repair a sewer, and to change the nature and size of the same, upon the following described parcels of land."

Then follows a description of two parcels of land about twenty-three feet wide, extending diagonally across the plaintiff's premises from High street to Main street, in the city of Akron.

Following this description are certain covenants on the part of the city of Akron; that it will do no unnecessary damage to the first party's land adjoining said premises, or to its structures thereon; that it will indemnify and protect first party, its successors and grantees, from all damages by the exercise of the right granted; that it will restore the premises and any structure thereon to as good condition as they were in before excavation, and that subject to the use of the premises described, the first party shall have the right to use said premises.

The first party is specifically released "from any obligation to warrant its right to grant said license," and it is further

agreed that if any of the agreements of the city are held to be beyond its power and authority, "then the license and permission granted by said party of the first part shall thereupon, and for that reason, terminate and become null and void," and the sewer shall be removed.

Although the instrument is signed by the parties, it is neither witnessed nor acknowledged. However, it was recorded in the office of the recorder of Summit county.

A reading of this instrument convinces one that it was intended as a license and not as a conveyance. In the first place, the instrument itself purports to be only a license; as recited, it *gives a license and permission to construct, maintain, operate and keep in repair a sewer*. No other operative terms are contained in the instrument. It is three times recited in the agreement that it is a "license and permission," and four more times it is recited that it is a "license."

The parties themselves having thus characterized it, it is hard to construe it as anything else. If it is a mere license, witnesses to it and an acknowledgment would make it nothing more, and the fact that it lacks witnesses and an acknowledgment is further evidence that parties themselves considered it merely a license.

It is significant that no estate in the land is mentioned and no interest therein is described. It is true that in the conveyance from the Brewster Coal Company to the plaintiff, occurs the following clause:

"Also excepting and reserving the *right of way* for a sewer *as shown* by a contract by and between the Brewster Coal Company and the city of Akron, Ohio, said contract being dated March 5th, 1894, and recorded in Book 78, page 578, Summit county records."

While this clause brings home to plaintiff notice of the city's rights, if any, *as shown* by the contract, it can not enlarge them, for the city was not a party to this deed, and calling the city's rights under the contract a "right of way for a sewer," does not make it an easement, if the original instrument creates a mere license, as we have seen it does.

There is no duration fixed for the life of this license; on its face it appears to be personal and probably terminated when the Brewster Coal Company parted with its title to the land. At any rate, like all mere licenses, it is revokable and the plaintiff having revoked it, and there appearing to be no equitable consideration favoring the defendant, except that it should have ample time to make other arrangements for the sewer, plaintiff appears to be entitled to the relief it prays.

In our conclusions we are sustained by the following authorities: *Wilkins* v. *Irvine*, 33 O. S., 138; *Yeaker* v. *Trening*, 79 O. S., 121; *Fowler* v. *Delaplain*, 79 O. S., 279; *Rodefer* v. *Railroad*, 72 O. S., 272; *City of Hamilton* v. *Ashbrook*, 62 O. S., 511.

In the last mentioned case, the contract between the city and the proprietors of the lands is set forth, and will be found to be very similar to the contract in this case, yet Judge Shauck, on page 517 of his opinion says: "That instrument was a license."

Decree may be entered for plaintiff, as prayed for, but not to go into effect until the city has had reasonable time in which to make other arrangements for taking care of the sewage now flowing through the sewer in question.